**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| J'TTONALI ONE EYE EL-BEY,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES MARSHAL SERVICE, *et al.*,<br><br>Defendants. | : | Case No. 3:26-cv-00059<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

## REPORT AND RECOMMENDATIONS

The above-named Plaintiff has failed to properly institute this case. For the reasons discussed below, the undersigned Magistrate Judge **RECOMMENDS** that District Judge Newman **DISMISS** the case without prejudice.

Plaintiff submitted a *pro se* Complaint and related documents to this Court earlier in 2026. His initial submission included the cover page of an Application to Proceed *In Forma Pauperis* (or IFP application), but he did not submit the IFP application itself. (Doc. No. 1.) Plaintiff also did not pay the fees to file the case. *See* 28 U.S.C. § 1914(a).

On August 4, 2026, the undersigned issued a combined Deficiency Order (addressing the lack of a filing fee or IFP application) and an Order for an Amended Complaint (addressing problems with the Complaint). (*See* Doc. No. 2.) Plaintiff's responses to both parts of this Order were due on September 3, 2026. Plaintiff did not pay the filing fee or submit an IFP Application or Amended Complaint by that date.

On August 31, 2026, this case was transferred from the docket of District Judge Rice to the docket of District Judge Newman. (Doc. No. 3.) The case remains referred to the undersigned Magistrate Judge.

On September 8, 2026, after the deadline to comply with the undersigned's orders had expired, Plaintiff filed a document titled "Request for Review or Leave, or Extension." (Doc. No. 4.) This document is unclear. In it, Plaintiff appears to ask District Judge Newman to review the undersigned's Order for an Amended Complaint. He appears to assert that his initial Complaint was sufficient. (*Id.*; *Cf.* Order for Amended Complaint, Doc. No. 2 at PageID 74-79 [finding that, among other things, the Complaint is confusing and difficult to understand; that it covers events allegedly occurring in this state and outside of it; that it is not clear exactly who Plaintiff wants to sue; and that Plaintiff appears to sue unrelated parties for unrelated issues].)

However, to date Plaintiff has not paid the fees required to institute this case or applied to proceed *in forma pauperis* and without paying the fees. His new Motion, to the extent it could be construed as objections to the Order for an Amended Complaint (Doc. No. 2 at PageID 74-79), does not appear to address the requirement to pay the fees or file an IFP application. Plaintiff has failed to correct this deficiency and therefore has failed to properly institute this case. He has also failed to comply with the Order of this Court.

Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to sua sponte dismiss civil actions for want

of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

Dismissal is warranted here. As the undersigned has explained, Plaintiff is responsible for paying the fees or seeking IFP status. (Doc. No. 2 at PageID 73-74.) The undersigned ordered Plaintiff to do so and warned him "that if he does not take one of these two actions, the undersigned may recommend that this case be dismissed for failure to prosecute and/or failure to comply with a court order." (*Id*. at PageID 74.) Nonetheless, he did not comply. The Magistrate Judge therefore **RECOMMENDS** that the District Judge **DISMISS** this case without prejudice.

The undersigned further **RECOMMENDS** that the District Judge **OVERRULE** Plaintiff's apparent objections (Doc. No. 4) to the Order for an Amended Complaint (Doc. No. 2) as moot.

Finally, the undersigned **RECOMMENDS** that the District Judge **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and on that basis deny Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file Objections to these recommendations as outlined below. He is reminded to keep the Court informed of his current address while the case is pending.

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## DEADLINE TO FILE OBJECTIONS

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).